# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS SCHULCZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROCKET MORTGAGE, LLC,<br><br>　　　　Defendant. | Case No. 1:24-cv-00189-SAB<br><br>ORDER DENYING DEFENDANT'S *EX PARTE* APPLICATION TO EXTEND TIME FOR DEFENDANT ROCKET MORTGAGE, LLC TO RESPOND TO COMPLAINT<br><br>(ECF No. 3) |

　　　Plaintiff filed this action in Madera County Superior Court on January 8, 2024. (ECF No. 1 at 2.) Defendant asserts in its notice of removal that process was personally served on Defendant's agent on January 10, 2024. (Id. at 2.) On February 9, 2024, Defendant removed the action to this Court. (Id.) Defendant did not file a response prior to removal.

　　　On March 1, 2024, Defendants filed the instant *ex parte* application for an extension of time to respond to the complaint. (ECF No. 3.) Defendant specifically requests a twenty-eight (28) day extension of time to respond to the complaint, which would extend Defendant's purported deadline to file its answer or other responsive filing from March 1, 2024 to March 29, 2024. (Id. at 2.) Counsel for Defendant proffers he attempted to contact Plaintiff's counsel by both phone and e-mail on February 29, 2024 to stipulate to the 28 day extension pursuant to Local Rule 144(a). (Id.) However, Defendant asserts such a stipulation "was not feasible for submittal on March 1, 2024." (Id.) Accordingly, Defendants filed the instant *ex parte* application pursuant to Local Rule 144(c) ("[t]he Court may, in its discretion, grant an initial

1 extension *ex parte* upon the affidavit of counsel that a stipulation extending time cannot
2 reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the
3 reasons why the extension is necessary"). Counsel for Defendant acknowledges submitting an *ex*
4 *parte* application on the required filing date deadline is disfavored pursuant Local Rule 144(d)
5 but explains he and his co-counsel are preparing for an arbitration on March 29, 2024 and
6 multiple trials in May and June 2024. (Declaration of Peter L. Isola, ECF No. 3 at 3-4.)
7 Defendant proffers the parties have engaged in settlement negotiations and the instant *ex parte*
8 application is designed to allow the parties time to resolve the matter and avoid the time and
9 expense of anticipated motions under Federal Rule of Civil Procedure 12. (ECF No. 3 at 2.)

10       The Court shall deny Defendant's *ex parte* application. Defendant correctly notes that
11 extensions to respond to the complaint that are brought on the required filing date are looked
12 upon with disfavor. (ECF No. 3 at 3-4 (citing L.R. 144(d).) However, Defendant cites no
13 authority supporting its contention that the deadline to file its answer is March 1, 2024, the same
14 date as the Defendant's *ex parte* application. Rather, under Federal Rule of Civil Procedure
15 ("Rule") 81:

> "[a] defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods: (A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed."

20 Fed. R. Civ. P. 81(c)(2)(A)-(C). The Court is not aware of the date that Defendant first received
21 a copy of Plaintiff's complaint. However, Defendant contends its agent was personally served
22 on January 10, 2024. (ECF No. 1 at 2.) Accordingly, the deadline to file its answer under Rule
23 81(c)(2)(B)—and likely Rule 81(c)(2)(A)—would have been 21 days after the date of service on
24 January 10, 2024, or January 31, 2024. However, Defendant did not remove the action to this
25 Court until February 9, 2024, meaning the deadline to file its answer under Rule 81(c)(2)(C)
26 would be within seven days, or by February 16, 2024. Because Rule 81(c) dictates that the
27 proper deadline for a defendant to file its response is the longer of the three deadlines, the Court
28 notes Defendant's deadline to file its answer was February 16, 2024.

The Court therefore denies Defendant's *ex parte* application, given Defendant's request is "for an extension of 28 days to respond to Plaintiff's complaint, from March 1, 2024 to and including March 29, 2024." (ECF No. 3-1 at 1-2.) An extension until March 29, 2024 to respond to the complaint removed to this Court on February 9, 2024 requires more than a 28 day extension.

Accordingly, IT IS HEREBY ORDERED that Defendant's *ex parte* application for an extension of time to file its response to Plaintiff's complaint is DENIED.

IT IS SO ORDERED.

Dated:  **March 4, 2024**

UNITED STATES MAGISTRATE JUDGE