# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS SCHULCZ,<br><br>        Plaintiff,<br><br>    v.<br><br>ROCKET MORTGAGE, LLC,<br><br>        Defendant. | Case No. 1:24-cv-00189-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND<br><br>ORDER RE-SETTING MANDATORY SCHEDULING CONFERENCE FOR APRIL 24, 2025<br><br>(ECF No. 19) |

Currently before the Court is Plaintiff Francis Schulcz's motion to remand and request for attorney's fees and costs as a result of Defendant Rocket Mortgage, LLC's removal of the action.

A hearing was held in this matter on March 26, 2025. (ECF No. 27.) Counsel Snezhana McGoldrick appeared for Plaintiff. Counsel Brian Whittemore appeared on behalf of Defendant.

Based on the moving, opposition, and reply papers, the record, and the arguments presented at the March 26, 2025 hearing, the Court shall, for the following reasons, deny Plaintiff's motion to remand and associated request for attorney's fees and costs.

## I.

## BACKGROUND

On January 8, 2024, Plaintiff filed this action in Madera County Superior Court. (ECF No. 1-1 ("Compl.").) Plaintiff brings six claims against Defendant for conversion, unjust enrichment, injunctive relief, declaratory relief, unfair business practices, and theft of money.[1]

---

[1] The Court's summary of Plaintiff's complaint reflects Plaintiff's factual and legal allegations, not conclusions of fact

1

Plaintiff is the owner of real property located in Oakhurst, California. (Compl. ¶ 5.) Defendant is a lienholder under the deed of trust encumbering the property. (Id. at ¶ 9.) On December 7, 2022, Plaintiff and a third party entered a settlement agreement with respect to insurance proceeds for damages caused to the property in June 2022. (Id. at ¶¶ 7, 8.) On December 19, 2022, the third party issued a check in the amount of $40,297.95, payable to Plaintiff. (Id. at ¶ 10.) On December 20, 2022, Plaintiff forwarded the check to Defendant and requested that Defendant endorse the check as a lienholder. (Id.) Plaintiff alleges Defendant refused to endorse the check under the pretext that the funds are owned by a former joint tenant of the property who has been deceased since 2018. (Id. at ¶¶ 5, 10, 12.) Plaintiff alleges Defendant refuses to accept Plaintiff's authority as the decedent's successor and has withheld funds in the amount of $40,297.95 since January 11, 2023. (Id. at ¶ 13.)

On February 9, 2024, Defendant removed the action to this Court on the grounds that the Court has diversity jurisdiction there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. (Def's Not. Removal ("NOR"), ECF No. 1 at ¶ 1.)

On February 12, 2025, Plaintiff filed a motion to remand this action, arguing the Court lacks jurisdiction because Defendant fails to prove the amount in controversy exceeds $75,000. (Pl.'s Mot. Remand ("Mot."), ECF No. 19.) On February 26, 2025, Defendant filed its opposition. (Def.'s Opp'n to Pl.'s Mot. ("Opp'n"), ECF No. 24.) On March 5, 2025, Plaintiff filed his reply. (Pl.'s Reply to Def.'s Opp'n ("Reply"), ECF No. 25.)

## II.

## LEGAL STANDARDS

A defendant may remove a matter to federal court if the district court would have original jurisdiction. See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal district courts have original jurisdiction over state law civil actions between citizens of different states in which the amount in controversy exceeds $75,000 exclusive of costs and interest. 28 U.S.C. § 1332(a)(1).

A motion to remand is the proper procedure to challenge a removal based on lack of

---

or law by this Court. The Court offers no opinion whether any cause of action alleged by Plaintiff is cognizable.

1  jurisdiction. 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Ultimately, "[t]he removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." Cal. ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted); see also Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper."). Thus, if there is any doubt as to the right of removal, a federal court must reject jurisdiction and remand the case to state court. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

## III.

## DISCUSSION

### A.     Diversity of Citizenship

Diversity jurisdiction, which is at issue here, requires the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted). A limited liability company 'is a citizen of every state of which its owners/members are citizens,' not the state in which it was formed or does business." NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 612 (9th Cir. 2016) (quoting Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006)).

Plaintiff alleges in his complaint that both parties are citizens of California. (Compl. ¶¶ 1-2.) However, in Defendant's notice of removal, Defendant contends it is a Michigan limited liability company whose sole member is another Michigan limited liability company, RKT Holdings, LLC. (NOR ¶ 11.) Defendant asserts that the only members of RKT Holdings, LLC are (1) Rock Holdings Inc., a Michigan Corporation with its principal place of business in Michigan; (2) Rocket Companies, Inc., a Delaware publicly traded corporation with its principal place of business in Michigan, and (3) an individual domiciled in Michigan. (Id.) Plaintiff's

3

instant motion neither disputes nor even addresses whether complete diversity of citizenship exists between the parties. The Court is satisfied that Defendant's uncontested notice of removal provides sufficient basis that this action is between a citizen of California and a citizen of Michigan and Delaware.

### B. Amount in Controversy

To establish diversity jurisdiction, the amount in controversy must "exceed[ ] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The amount in controversy is "simply an estimate of the total amount in dispute," and may include compensatory damages, punitive damages, and attorneys' fees when authorized by statute. Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 400 (9th Cir. 2010); see also Gonzales v. CarMax Auto Superstores, LLC, 840 F.3d 644, 648-49 (9th Cir. 2016). Importantly, "the amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover." Arias v. Residence Inn by Marriott, 936 F.3d 920, 927 (9th Cir. 2019) (emphasis added); Theis Rsch., Inc. v. Brown & Bain, 400 F.3d 659, 662 (9th Cir. 2005) (the amount in controversy is the "amount at stake in the underlying action.").

In determining the amount in controversy in a removed action, district courts "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997). When it is not facially apparent from the plaintiff's state court complaint that more than $75,000 is in controversy, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the jurisdictional amount]. Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). However, "[s]aid burden is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008) (citation and quotations omitted). To determine whether a defendant meets its burden, the court considers facts in the removal petition and "*may* require parties to submit 'summary-

judgment-type evidence' relevant to the amount in controversy." <u>Singer</u>, 116 F.3d at 377 (emphasis added).

Here, the maximum amount at stake in this action is not readily ascertainable from the face of Plaintiff's complaint. Defendant therefore bears the burden of showing that the amount in controversy exceeds $75,000. The parties agree that Plaintiff seeks $40,297.95 in compensatory damages from Defendant for the withheld funds from the third party insurance company. (Mot. 5; Opp'n 3.) However, Plaintiff argues Defendant's reliance on Plaintiff's prayer for "punitive damages" in its notice of removal is insufficient to establish the remaining $34,702.06 necessary to meet the jurisdictional threshold. Plaintiff therefore contends Defendant fails to meet its burden in establishing the requisite jurisdictional amount because Defendant's calculation is "based on mere speculation and assumptions and conclusory statements." (Mot. 5.)

Plaintiff, however, fails to specifically challenge Defendant's treble damages allegation in its notice of removal or show that Defendant's allegation is unreasonable or unsupported. Defendant alleges in its notice of removal that Plaintiff alleges that Defendant "owes Plaintiff the sum of $40,297.95; is liable for treble damages ('three times the amount of actual damages') and attorney's fees under California Penal Code section 496; and is further liable for 'interest on the damages as allowed by law' and 'punitive damages according to proof.' " (NOR ¶ 12.) Indeed, in support of his sixth cause of action, Plaintiff alleges that Defendant obtained Plaintiff's insurance proceeds in the amount of $40,297.95 in a manner constituting theft; Defendant knew the funds were obtained in a manner constituting theft at the time they were received; and has withheld the funds to convert for Defendant's own use and benefit in violation of California Penal Code section 496(a). (<u>Id.</u> at ¶¶ 35-36); <u>see</u> <u>Korn</u>, 536 F. Supp. 2d at 1205 ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint."). Further, Plaintiff designates an entire paragraph of his complaint to allege that "Penal Code section 496, subdivision (c), provides, 'Any person who has been injured by a violalion [*sic*] of subdivision (a)… may bring an action for three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorneys [*sic*] fees." (Compl. ¶ 33.) Because Plaintiff

specifically alleges a violation of Section 496(a) and further alleges he is entitled to three times the amount of actual damages—$40,297.95—Defendant reasonably concludes that the amount at stake in this action could include treble damages in the amount of $120,893.85.[2]

Contrary to Plaintiff's contention, Defendant need not provide summary-judgment type evidence to support its allegation that Plaintiff's actual damages may be trebled. Defendant's allegation merely reiterates Plaintiff's own allegation that trebling the amount of actual damages sustained as a result of a violation of Section 496(a) is statutorily enumerated in Section 496(c). (See Compl. ¶ 33.) California district courts have included Section 496(c)'s treble damages when calculating the amount in controversy. See, e.g., Bolger-Linna v. Am. Stock Transfer & Tr. Co., LLC, No. 3:24-CV-00539-RBM-VET, 2024 WL 4713905, at *7 (S.D. Cal. Nov. 7, 2024) (trebling actual damages pursuant to Section 496(c) to determine the total amount in controversy); Pag-Daly City, LLC v. Quality Auto Locators, Inc., No. C 12-03907 WHA, 2013 WL 4510392, at *8 (N.D. Cal. Aug. 22, 2013) (finding it possible for the plaintiff to meet the minimum amount in controversy requirement using the actual damages plus treble damages pursuant to Section 496(c).). The Court finds Defendant's reliance on Plaintiff's own allegations to reach the reasonable assumption that trebled damages are at stake in this action is sufficient.

Additionally, Plaintiff argues that his pre-filing demand for $40,297.95 and a post-filing acceptance of a counteroffer of the same amount evinces that the amount of controversy is limited to $40,297.95. (ECF No. 25 at 2-3.) The Court is not persuaded. A settlement letter—typically provided by a defendant to push the plaintiff's estimate past the jurisdictional amount—*may* provide a reasonable estimate of a plaintiff's claim. See Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) (noting "[a] settlement letter is relevant evidence of the amount in

---

[2] Although Plaintiff alleges he is entitled to treble damages pursuant to Section 496(c)—and does not dispute such entitlement in the instant motion—Plaintiff does not explicitly pray for treble damages. Plaintiff does pray, in pertinent part, for "punitive damages according to proof" and "for such other and further relief as the court may deem just and proper." (Compl. at 10.) See Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); May v. Google LLC, No. 24-CV-01314-BLF, 2024 WL 4681604, at *8 (N.D. Cal. Nov. 4, 2024) (finding the treble-damage provision under Penal Code § 496 is punitive in nature.); see also Gierke v. Allstate Prop. & Cas. Ins. Co., No. C19-0071JLR, 2019 WL 1434883, at *2 n.3 (W.D. Wash. Apr. 1, 2019) (calculating treble damages to determine the amount in controversy despite the plaintiff failing to explicitly pray for "treble damages" while noting the plaintiff also prayed for "other and further relief as this Court may deem just and equitable in this cause.").

controversy if it reflects a reasonable estimate of the plaintiff's claim."). However, Plaintiff's pre-filing demands that Defendant return Plaintiff's funds in the amount of $40,297.95 is not reflected in Plaintiff's complaint filed on January 8, 2024. By choosing to plead to an entitlement of a variety of damages including, but not limited to, treble damages, punitive damages, injunctions, and attorney's fees *in addition to* compensatory damages amounting to $40,297.95, Plaintiff chose to accept the risk that he will plead himself into federal court. See Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002). The Court does not find Plaintiff's pre-filing demand to be reflective of Plaintiff's alleged maximum reasonable recovery of damages at the time this action was removed.

Further, counsel for Plaintiff's September 20, 2024 email to Defendant offering to settle the matter by October 14, 2024 for $40,297.95 does not offset the Plaintiff's allegations in his complaint that he is entitled to more. The amount in controversy is determined from the pleadings as they exist at the time a petition for removal is filed. Eagle v. Am. Tel. & Tel. Co., 769 F.2d 541, 545 (9th Cir. 1985). It is well-established that reliance on post-removal stipulations and affidavits is discouraged, given such statements may manipulate the amount in controversy to secure jurisdiction in the desired court. Simmons, 209 F. Supp. 2d at 1033 (citation omitted). The Court therefore gives little weight to Plaintiff's post-removal settlement position. That Plaintiff was willing to settle for the amount of his actual damages in September 2024 does not divest jurisdiction from the Court that attached at the time Defendant removed the action in January 2024.

Defendant notes that California Penal Code Section 496(c) permits a plaintiff to recover attorneys' fees, which Defendant contends should also be considered in totaling Plaintiff's potential maximum recovery. (Opp'n 3.) "[W]here an underlying statute authorizes an award of attorneys' fees ... such fees may be included in the amount in controversy." Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998); see also Fritsch v. Swift Transp. Co. of Arizona, LLC, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."). Defendant, however, does not place a monetary value on the attorney's fees it seeks to

7

include as part of the amount in controversy. <u>Arias v. Residence Inn by Marriott</u>, 936 F.3d 920, 927-28 (9th Cir. 2019) (noting that the removing party retains the burden of proving the amount of future attorney's fees by a preponderance of the evidence.). Because no estimate for potential attorney's fees has been provided by Defendant, the Court does not calculate attorney's fees into the amount in controversy for purposes of this motion. However, given the Court has already determined that Defendant has shown, by a preponderance of the evidence, that the amount in controversy exceeds $75,000 based on Plaintiff's actual damages and the alleged treble damages, the fact that Defendant fails to provide a reasoned calculation of Plaintiff's attorney's fees is of no consequence.

The Court finds Defendant has established by a preponderance of the evidence that the amount in controversy is met based on Plaintiff's allegations related to his actual damages and the treble damages available under Section 496(c). Plaintiff does not attempt to disavow his entitlement to statutory treble damages nor does he offer contrary evidence to establish a lesser amount of actual damages. Rather, Plaintiff maintains his actual damages are $40,297.95 and only argues that Defendant's recitation of Plaintiff's own allegations that states he is entitled to treble damages—up to $120,893.85—under Section 496(c) is not sufficient evidence for the Defendant to establish the jurisdictional threshold. The Court disagrees and finds Defendant has proven, more likely than not, that the amount in controversy in this case exceeds $75,000.

**C.     Request for Attorney's Fees and Costs**

Plaintiff requests fees and costs under 28 U.S.C. § 1447(c), which provides that "*[a]n order remanding the case* may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." (Emphasis added). The Court finds Defendant has shown, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional threshold of $75,000. Because the Court finds Defendant has a reasonable basis for removal, attorney's fees under 28 U.S.C. § 1447(c) are not appropriate. Accordingly, the Court denies Plaintiff's request for attorney's fees and costs related to the instant motion.

/ / /

/ / /

8

## IV.

## CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to remand (ECF No. 19) is DENIED;

2. Plaintiff's request for attorney's fees and costs (ECF No. 19) is DENIED; and

3. A mandatory scheduling conference is re-set in this action for **April 24, 2025** at **11:30 a.m.** The parties SHALL file an amended scheduling report **seven (7) days** prior to the scheduling conference.

IT IS SO ORDERED.

Dated: **March 27, 2025**

STANLEY A. BOONE
United States Magistrate Judge

9